IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-MJ-01062-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLAYTON EMERY CATLIN,

Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
## FOR ORDER OF DETENTION

---

    This matter was before the court for preliminary hearing and detention hearing on April 12, 2017. The court has taken judicial notice of the court's file and the pretrial services report. The court has considered the testimony and credibility of Detective Michael Trapp, Task Force Officer, the government's exhibits 1 and 2 and the court has taken judicial notice of the court's file. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report and the entire court file. In addition, I have evidence presented during this hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the Criminal Complaint with Bank Robbery in violation of 18 U.S.C. § 2113(a).

Second, based upon the evidence presented, I find probable cause exists that defendant has committed the offense of Bank Robbery in violation of 18 U.S.C. § 2113(a).

Third, I find that the nature and circumstances of this case involves a Bank Robbery.

Fourth, I find that defendant is self-employed d/b/a Catlin Construction Company.

Defendant has a history of depression and currently participates in dual diagnosis treatment.  Defendant has a history of drug and alcohol abuse.  Defendant has used marijuana, cocaine, methamphetamine and LSD.  Defendant admitted to pretrial release recent cocaine use.  Defendant has used two alias dates of birth in the past and has suffered two prior failures to appear which resulted in a warrant being issued in one of the cases.

      Fifth, I find that defendant has suffered convictions for Second Degree Forgery - Checks/Commercial (two separate felony convictions); Theft of Rental Property (misd); Attempted Escape (two separate felony convictions); Harassment: Obscene Language or Gesture (misd); Attempted Escape Prior to Conviction (felony); Vehicular Eluding (felony); Passing Where Prohibited (traffic); Driving without a Driver's License (traffic); Criminal Attempt- Possession of a Controlled Substance Precursor (felony); and Attempted Theft from the Person (felony).  Defendant is awaiting re-sentencing in District of Colorado Case No. 07-cr-00309-WYD for four counts of Bank Robbery.  Defendant's re-sentencing hearing in Case No. 07-cr-00309-WYD is set for June 1, 2017 at 10:00 a.m. before Senior Judge Wiley Y. Daniel.  Defendant has had his community correction sentence revoked in the past.  Defendant has had his parole revoked on two separate occasions.  Defendant was serving a term of Supervised Release when the alleged instant offense occurred.  A Petition to Revoke Supervised Release (docket no. 64) was filed in 07-cr-00309-WYD today.

      WHEREFORE, based upon the above findings, I find, by clear and convincing evidence, that the defendant is a flight risk and a danger to the community.  I further find that there is no condition or combination of conditions of release that will reasonably assure the presence of the defendant at future court hearings and the safety of the community.  I, therefore, order the defendant detained without bond.

      Done this 12th  day of April 2017.

      BY THE COURT

      <u>S/ Michael J. Watanabe</u>
      Michael J. Watanabe
      U.S. Magistrate Judge